**SO ORDERED.**

**SIGNED this 20th day of September, 2016.**

*[Signature]*
BENJAMIN A. KAHN
UNITED STATES BANKRUPTCY JUDGE

---

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| Marva Denyse Gillis, | ) | Case No. 16-80083 |
| | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |

## ORDER DISMISSING CASE

This matter is before the Court under the terms of the August 23, 2016 Order Granting Motion for Enlargement of Time in Part [Doc. #64] (the "Order Enlarging Time"). The Debtor filed this matter pro se. Having considered the record in this case, including the Order, the Court finds that this case should be dismissed.

This case came on for hearing on May 26, 2016, on the motion by Debtor's counsel to withdraw [Doc. #32] (the "Motion to Withdraw"), and the Motion for Relief from Stay [Doc. # 28] ("Motion for Relief from Stay") filed by Nationstar Mortgage LLC d/b/a Champion Mortgage Company ("Nationstar"). The Court

1

granted the Motion to Withdraw, entering its Order on June 7, 2016 [Doc. # 40].

Prior to the hearing on the Motion for relief from stay, Nationstar filed a proof of claim on May 16, 2016 [Claim #3-1] (the "Nationstar Claim"). The Nationstar claim reflects a reverse mortgage obligation owed by Shirley C. Gillis (the "Reverse Mortgage"), which is secured by real property located at 107 Meredith Drive, Aberdeen, North Carolina (the "Property"). Under 11 U.S.C. § 502(a), the Nationstar Claim was deemed allowed when filed. The Debtor and her brother, Van Gillis, are the children of Shirley Gillis, who is deceased. The Debtor and her brother inherited the Property, and the Reverse Mortgage has been in default since October 9, 2012.

As a result of permitting the withdrawal of Debtor's counsel, the Court continued the hearing on the Motion for Relief from Stay until July 11, 2016, to provide the Debtor with time to find new counsel. At the May 26, 2016 hearing, the Court further informed the Debtor that it would hear the Motion for Relief from Stay on July 11, 2016, and explained to the Debtor that Nationstar held an allowed proof of claim unless and until the Debtor filed an objection to that claim. The Court further stated that it would be insufficient for the Debtor to orally object to the claim at the hearing, but that the Debtor

must file an objection in order for Nationstar's claim not to be deemed allowed under 11 U.S.C. § 502(a).

As of the July 11, 2016, hearing, the Debtor had not filed an objection to the Nationstar Claim. The Debtor orally requested a further continuance, alleging a power outage the night before the hearing, a recent death in the family, and again requesting a further opportunity to obtain counsel. The Court denied the Debtor's request to continue the hearing. The Debtor presented no evidence to rebut the prima facie case established by the movant for relief from stay. As a result, on July 21, 2016, the Court entered its Order [Doc. #47] granting Nationstar relief from the automatic stay to exercise its rights against the property.

On August 4, 2016, the Court conducted a hearing on confirmation of the Debtor's proposed chapter 13 plan [Doc. #43] (the "Original Plan"). The Court denied confirmation of the Original plan and granted the Debtor 30 days from August 4, 2016, within which to amend her proposed plan or to file a new proposed plan. See Order Sustaining Objection to Confirmation of Plan [Doc. #51] ¶ 2. The Order further provided that, if a new proposed plan were not timely filed, the case would be automatically dismissed without further notice or hearing. Id.

On August 18, 2016, the Debtor filed her Motion for Enlargement of Time [Doc. # 53] ("Motion for Enlargement of

3

Time"). In the Motion, the Debtor requested additional time within in which to, among other things, get assistance of counsel, legal advice, and prepare defenses and answers in her case. The Motion for Enlargement of Time stated numerous grounds including family emergencies and appointments scheduled to meet with possible counsel. Construing the motion liberally, this Court interpreted it as a motion for extension of time to file an amended plan. Despite the repeated extensions previously granted by the Court, the Court again granted the Debtor's Motion for Enlargement of Time in Part, extending the time within which the Debtor would be permitted to file an amended plan through and including September 19, 2016. See Order Enlarging Time, p. 2. The Order Enlarging Time provided that, if the Debtor failed to file an amended plan on or before September 19, 2016, this case would be dismissed without further notice or hearing. Id.

The Debtor did not file an amended plan or an amendment to her plan on or before September 19, 2016. On the afternoon of September 19, however, the Debtor contacted the clerk's office and informed them that she could not get to the court due to a regional gasoline shortage. The Debtor has been granted more than ample opportunity in this case. By waiting until the last possible opportunity to timely proceed with this case, the Debtor ran the risk of exigent circumstances. Therefore, the

4

Court does not find cause to yet again further extend the time within which she may file a proposed plan in this case.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED, that this case is DISMISSED.

[END OF DOCUMENT]

5

<u>PARTIES TO BE SERVED</u>

**Marva Denyse Gillis**
P.O. Box 124
Aberdeen, NC 28315
MOORE-NC

**Richard M. Hutson, II**
Durham Chapter 13 Office
302 East Pettigrew St., Suite B-140
P. O. Box 3613
Durham, NC 27702

6