IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

In re:

Marva Gillis                                        Case No. 16 cv 01251

Debtors                                             Bankruptcy Case No. 16-80083

Marva Gillis

Appellant

## MOTION OF THE BANKRUPTCY ADMINISTRATOR

## FOR DISMISSAL OF APPEAL

The undersigned U.S. Bankruptcy Administrator for the Middle District of North Carolina hereby moves the United States District Court for entry of an order dismissing the Appeal by the Debtor filed October 25, 2016 (Docket No. 1) in the above case pursuant to Federal Rules of Bankruptcy Procedure 8003(a)(2) and 8013.

In support thereof, the Bankruptcy Administrator shows the Court that the Appellant has not complied with Bankruptcy Rule 8018 by failure to file a brief within the time allowed by the Court, or otherwise prosecuted the appeal. The Appellant has not taken any action by the deadline of January 3, 2017.

1

1. In order to dismiss an appeal based on a non-jurisdictional procedural defect,

>   the district court must take at least one of the following steps: (1) make a finding of bad faith or negligence; (2) give the appellant notice and an opportunity to explain the delay; (3) consider whether the delay had any possible prejudicial effect on the other parties; or (4) indicate that it considered the impact of the sanction and available alternatives.

In re Serra Builders, Inc., 970 F.2d 1309, 1311 (4th Cir. 1992) (citing Sierra Switchboard Co. v. Westinghouse Electric Corp., 789 F.2d 705, 706-07 (9th Cir. 1986.)) (Ward, J. affirming the decision of the District Court of Maryland that the appellant did not offer an adequate reason for failing to timely file its designation of items to be included in the record for appeal); See Fed. R. Bankr. Proc. 8003(a)(2)(2016)(district court may dismiss appeal)

2. Although this is a harsh sanction, it is clear from existing precedent that an appellant's failure to comply with procedural requirements may lead to the dismissal of the appeal. Gallaher v. Ginger Largen 2017 WL 57884 (D. Ct. W. D. Va., January 3, 2017)(appeal dismissed for failure to pay filing fee and designate items on appeal).

3. In the present case, the Appellant has not paid her appeal fee, filed her brief, or provided a statement of the issues presented. The Bankruptcy Clerk's Office did provide a copy of the Order appealed from, but the Appellant did not otherwise designate the record.

Wherefore, the undersigned Bankruptcy Administrator hereby requests that the appeal of the Debtor filed October 25, 2016 be dismissed.

This 9th day of January, 2017.

William P. Miller, Esq.

U.S. BANKRUPTCY ADMINISTRATOR

_s/Robert E, Price, Jr._

Robert E. Price, Jr.

N. C. State Bar No. 9422

101 S. Edgeworth Street

Greensboro, NC 27401

Robert_e_price.ncmba.uscourts.gov

(336) 358-4170

CERTIFICATE OF SERVICE

This is to certify that on this date the foregoing document was served upon the following parties or counsel by electronic filing and/or depositing a copy in the United States mail, first class postage prepaid, addressed as follows:

Richard M. Hutson, II          via electronic service

Marva Gillis

P.O. Box 124

Aberdeen, NC  28315

This 10th      day of January, 2017.

By   s/Traci D. Galloway

Bankruptcy Analyst